IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDDIE ELIE,
      Petitioner,

vs.                              Case No.:  5:13cv75/RS/EMT

UNITED STATES OF AMERICA,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2241 (doc. 1).  Respondent filed a response to the petition (doc. 7).  The court provided Petitioner an opportunity to file a reply (doc. 8), but he has not done so as of the date of this Report and Recommendation.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.      BACKGROUND

Petitioner was convicted, pursuant to a written plea agreement, in the United States District Court for the Southern District of Florida, Case No. 9:11cr80131-KLR, of two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 942(a)(2) (*see* doc. 7 at 2, Ex. 1).  On January 20, 2012, the district court sentenced Petitioner to concurrent terms of forty-six (46) months of imprisonment followed by a two-year term of supervised release (*id.*).  Petitioner did not appeal the judgment or file a motion to vacate sentence under 28 U.S.C. § 2255 (*id.*).

Petitioner filed the instant § 2241 petition on March 12, 2013 (doc. 1 at 10).[1] He is housed at the Federal Correctional Institution in Marianna, Florida (*id.* at 1). Petitioner raises the following claims:

> Ground One: "Challenge to the constitutionality of 18 USC § 922(g)(1) on its face and as applied in this case." Petitioner contends § 922(g)(1) is unconstitutional, because prior to its enactment, Congress never determined how and under what circumstances a felon could possess a firearm in or affecting commerce, or that there was a rational basis for its determination that a convicted felon's possession of a firearm affected commerce.

> Ground Two: "The United States District Court was without jurisdiction to impose sentence upon Petitioner pursuant to the Sentencing Reform Act of 1984." Petitioner contends the Sentencing Reform Act is unconstitutional, because it is a regulation which was never codified by Congress.

> Ground Three: "Petitioner was denied bail pursuant to 18 USC § 3142, which is unconstitutional on its face and as applied in this case."

> Ground Four: "Government did not have standing to indict or sentence Petitioner." Petitioner contends the language of §§ 922 and 924 does not indicate that Congress intended that the United States of America as a sovereign would have standing to enforce the provisions of those statutes.

> Ground Five: "Actual innocence/ineffective assistance of counsel."

> Ground Six: "Plea not knowingly and voluntarily entered."

(doc. 1 at 6–9, Exs. B, C, D). Petitioner contends § 2255 is an inadequate and ineffective vehicle for raising these claims, and its standards and procedural restrictions and requirements constitute an unconstitutional suspension of the writ of habeas corpus (doc. 1 at 5, Ex. A).

II.      ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* <u>United States v. Hayman</u>, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Constitution or laws or treaties of the United States."  As noted in <u>Hayman</u>, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* <u>Hayman</u>, 342 U.S. at 212–14, 218; *see also* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1239 (11th Cir. 1999).  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1351–52 (11th Cir. 2008); <u>United States v. Jordan</u>, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2]  Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* <u>Antonelli</u>, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); <u>Thomas v. Crosby</u>, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); <u>Bishop v. Reno</u>, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review).  A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction.  <u>Antonelli</u>, *supra*; <u>Jordan</u>, *supra*; <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979).  A defendant may not circumvent the procedural

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis).  The italicized language is known as the "savings clause."  The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions.  *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).  The statute says precious little about what it means for the original § 2255 motion to have been "inadequate" or "ineffective."  In two major cases, Wofford and Gilbert v. United States, 640 F.3d 1293, 1305 (11th Cir. 2011) (en banc), the Eleventh Circuit substantially limited the types of claims to which the savings clause applies.

In Wofford, a prisoner sought and was denied § 2255 relief on a variety of claims; he then sought permission to file a second § 2255 motion advancing several new challenges to his sentence. *See* 177 F.3d at 1237–38.  After several failed attempts at obtaining certification to file a second § 2255 motion, Wofford filed a petition for a writ of habeas corpus pursuant to § 2241, arguing that the savings clause allowed him to pursue his sentencing claims, because § 2255 foreclosed any other avenue for raising those claims.  *Id.* at 1238.  Wofford's specific claims were (1) the district court lacked jurisdiction to impose a non-parolable sentence followed by supervised release; (2) the United States Sentencing Commission's failure to allow the retroactive application of a three-level reduction in sentence for acceptance of responsibility constituted a violation of fundamental fairness and cruel and unusual punishment prohibited by the Fifth and Eighth Amendments to the United States Constitution; and (3) the district court's finding that Wofford was a career criminal was improperly predicated upon the court's belief that it could not examine the underlying offenses in making that determination.  *Id.*  The Eleventh Circuit held that Wofford's sentencing claims did not open the savings clause portal to § 2241, because (1) none of his claims rested upon a "circuit law-

busting," retroactively applicable Supreme Court decision, and (2) Wofford had a procedural opportunity to raise each of his claims and have it decided either at trial or on appeal. *Id.* at 1245. Thus, <u>Wofford</u>'s holding establishes that the savings clause applies to sentencing claims that are based upon a retroactively applicable Supreme Court decision, which decision must have "overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." <u>Williams</u>, 713 F.3d at 1343.

In dicta, the <u>Wofford</u> court described two different kinds of challenges to which the savings clause might apply. First, the panel opined:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford</u>, 177 F.3d at 1244.[3] The <u>Wofford</u> court additionally noted, in dicta, that the savings clause might apply when "a 'fundamental defect' in sentencing" occurred and "the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." *Id.* (quoting <u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998)).

<u>Gilbert</u> addressed—and explicitly limited its holding to—circumstances where a federal prisoner sought to attack a potential misapplication of the Sentencing Guidelines that resulted in a higher sentence, but one that remained within the statutory maximum. *See* 640 F.3d at 1295 (framing the question as "whether a federal prisoner can use a habeas corpus petition to challenge his sentence" when "the sentence the prisoner is attacking does not exceed the statutory maximum").

---

[3] This category covers actual innocence challenges akin to the post-<u>Bailey</u> § 2241 petitions permitted by several other courts of appeals; when a Supreme Court decision subsequent to conviction means that a petitioner's offense conduct is no longer criminal, the savings clause gives him an avenue to seek relief. *See* <u>Williams</u>, 713 F.3d at 1343. In <u>Bailey v. United States</u>, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), the Supreme Court had restricted the meaning of a federal criminal statute, 18 U.S.C. § 924(c)(1), which meant that some prisoners, who were convicted under the broader interpretation of that statute, were then imprisoned for conduct the law no longer rendered criminal. *See* <u>Wofford</u>, 177 F.3d at 1242. By the time <u>Wofford</u> was decided, the Second, Third, and Seventh Circuits had all held that the savings clause permitted prisoners to claim actual innocence based on <u>Bailey</u> in a § 2241 petition, although each court relied on a different rationale. *See id.* at 1242–44. The panel in <u>Wofford</u> approved of the Seventh Circuit's approach in <u>In re Davenport</u>, 147 F.3d 605 (7th Cir. 1998), which held that when "a Supreme Court decision has changed the law of a circuit retroactively in such a way that a prisoner stands convicted for a nonexistent offense, and the prisoner had no reasonable opportunity for a judicial remedy of that fundamental defect before filing the § 2241 proceeding," then the savings clause permitted the petition. *See* <u>Wofford</u>, 177 F.3d at 1244 (citing <u>Davenport</u>, 147 F.3d at 611).

The Eleventh Circuit held that such challenges to guideline determinations do not fall within the ambit of the savings clause.  *Id.* at 1323.  In a footnote, <u>Gilbert</u> specifically limited its holding from applying to errors in the application of the "violent felony" enhancement, as defined in 18 U.S.C. § 924(e)(2)(B), resulting in a higher statutory minimum and maximum sentence under § 924(e).  *Id.* at 1319 n.20.  The upshot of <u>Gilbert</u>, is that the last bastion in which a petitioner claiming an error in the application of the sentencing guidelines can possibly seek refuge through § 2241 is when his claims involve an intervening change in the law that renders erroneous the violent felony enhancement used to enhance his sentence beyond the statutory maximum.  *See* <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1335 (11th Cir. 2013).

In the instant case, one of Petitioner's claims is covered by the holding of <u>Wofford</u>.  In Ground Two, Petitioner challenges his sentence on the ground that the court lacked jurisdiction to sentence him under the Sentencing Reform Act, because that Act is unconstitutional.  The nature of this claim is the same as one of Wofford's claims; therefore, Petitioner must show that it rests upon a "circuit law-busting," retroactively applicable Supreme Court decision, and that he did not have a procedural opportunity to raise it and have it decided at trial, on appeal, or in a § 2255 motion.  Petitioner has not made any of these showings.  Further, § 2255 expressly provides that a defendant may assert a jurisdictional challenge to his sentence in a § 2255 motion.  *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.").  Therefore, the court has no jurisdiction to review Ground Two.

Petitioner's remaining claims, asserted in Grounds One and Three through Six, are challenges to his conviction, not his sentence.  Therefore, the holdings of <u>Wofford</u> and <u>Gilbert</u> do not apply.  Although the three-part test for claims of this nature was articulated only in dicta in <u>Wofford</u>, the Eleventh Circuit has applied it to bar the types of claims Petitioner brings here, albeit in unpublished opinions.  *See, e.g.*, <u>Jones v. Warden, FCC Coleman-Medium</u>, — F. App'x —, 2013 WL 2435067, at *3 (11th Cir. June 5, 2013) (unpublished) (petitioner's challenges to conviction did not open the portal of the savings clause, because he did not identify any retroactively applicable

Supreme Court decision, much less one that established he was convicted of a nonexistent offense, and he raised some of the same challenges in both his direct appeal and his first § 2255; likewise, petitioner's challenge to length of sentence did not open the portal, because he did not allege his sentence exceeded the statutory maximum); Marshall v. United States, No. 12-13841, 2013 WL 1235549, at *1–2 & n.3 (11th Cir. Mar. 28, 2013) (unpublished) (applying three-part Wofford test to § 2241 petitioner's claim that he was innocent of aggravated identity theft, because he did not know that an altered social security number he had unlawfully used belonged to an actual person, and concluding that petitioner failed to satisfy third prong of the Wofford test); Fields v. Warden, FCC Coleman-USP 1, 484 F. App'x 425, 426–27 (11th Cir. 2012) (unpublished) (applying three-part Wofford test to § 2241 petitioner's claim that he was innocent of conspiracy to possess with intent to distribute cocaine and cocaine base, and concluding that petitioner failed to satisfy first two prongs of the Wofford test); Maye v. Warden, 458 F. App'x 878, 879 (11th Cir. 2012) (unpublished) (applying three-part Wofford test to § 2241 petitioner's claim that he was innocent of conspiring to access a computer without authorization, accessing a computer without authorization, and making false statements, and concluding that petitioner failed to satisfy first two prongs of the Wofford test).

In the instant case, Petitioner has not alleged that his claims are based on a retroactively applicable Supreme Court decision, that a Supreme Court decision established that he was convicted of a nonexistent offense, and that circuit law squarely foreclosed his claims at the time they otherwise should have been raised on direct appeal or in a § 2255 motion. Furthermore, the existence of procedural limitations in § 2255 is not a basis to find that the § 2255 remedy is "inadequate or ineffective" within the meaning of the savings clause. Gilbert , 640 F.3d at 1308; Antonelli, 542 F.3d at 1351; Wofford, 177 F.3d at 1244–45. Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. See, e.g., Wofford, supra; Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Moreover, neither the savings clause nor the other provisions of § 2255 constitute an unconstitutional suspension of the writ of habeas corpus. See Gilbert, 640 F.3d at 1316–17.

III.    CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his conviction and sentence, not the execution thereof.  Furthermore, he has not shown that any of his claims open the savings clause portal to review of his claims in habeas corpus.  Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED for lack of jurisdiction**.

2.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 26th day of August 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**